# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JOSHUA CLARY,

    Petitioner,

v.

SAM CLINE,

    Respondent.

Case No. 18-3140-JAR

## MEMORANDUM AND ORDER

Before the Court are Petitioner Joshua Clary's Motion to Appoint Counsel (Doc. 14) and Motion for Extension of Time to File Traverse (Doc. 15). Petitioner requests additional time to file his traverse because his motion to appoint counsel has not yet been ruled upon, and because he has recently been transferred to another facility and is awaiting materials necessary to file the traverse. As described more fully below, the Court denies Petitioner's motion to appoint counsel and grants his request for an extension of time.

First, the Court denies Petitioner's motion to appoint counsel. Petitioner has no constitutional right to counsel in a federal habeas corpus action.[1] Additionally, since the Court has not determined that an evidentiary hearing in this matter is warranted, appointment of counsel is not required under the rules governing habeas proceedings.[2] Rather, the decision whether to appoint counsel rests in the discretion of the court.[3] Under 18 U.S.C. § 3006A(a)(2)(B), the Court may appoint counsel for a § 2254 petitioner if it "determines that the interests of justice so require." In making this determination, the Court "should consider a

---

[1] *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

[2] Rules Governing § 2254 Cases, Rule 8(c).

[3] *Swazo v. Wyo. Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994).

variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[4] Having considered these factors, the Court finds appointment of counsel is not warranted. Petitioner's motion to appoint counsel is therefore denied without prejudice to the Court's reconsideration in the event it later finds that an evidentiary hearing is required in this matter.

Second, the Court grants Petitioner's motion for extension of time. Petitioner requests additional time to file his traverse due to his recent transfer to a new facility, and because he was waiting on this Court's ruling on his motion to appoint counsel. The Court finds good cause for an extension of time until March 27, 2020 to file his traverse.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Joshua Clary's Motion to Appoint Counsel (Doc. 14) is **denied without prejudice**.

**IT IS FURTHER ORDERED BY THE COURT** that Petitioner's Motion for Extension of Time to File Traverse (Doc. 15) is **granted**. The traverse deadline is extended to **March 27, 2020.**

**IT IS SO ORDERED.**

Dated: February 28, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991).