## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JOSHUA CLARY,** | |
| **Petitioner,** | |
| **v.** | **Case No. 18-CV-3140-JAR** |
| **SAM CLINE, Warden,** **El Dorado Correctional Facility, and** **DEREK SCHMIDT, Kansas Attorney General,** | |
| **Respondents.** | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Amended Petition for a Writ of Habeas Corpus by a Person in State Custody (Doc. 4), seeking federal habeas relief from a state conviction under 28 U.S.C. § 2254.  Petitioner Joshua Clary, proceeding *pro se*, seeks relief on the grounds of ineffective assistance of trial counsel, sufficiency of the evidence, an erroneous jury instruction, an erroneous denial of his motion for mistrial, and actual innocence. Respondents Sam Cline and Derek Schmidt filed an Answer and Return (Doc. 10), and Petitioner filed a Traverse (Doc. 18).  The motion is fully briefed, and the Court is prepared to rule.  After a careful review of the record and the arguments presented, the Court dismisses Petitioner's motion without need for an evidentiary hearing.

## I.       Legal Standard

The Court reviews Petitioner's challenges to state court proceedings pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA").[1]  The AEDPA requires that federal

---

[1] *Lockett v. Trammel*, 711 F.3d 1218, 1230 (10th Cir. 2013).

courts give "significant deference to state court decisions" adjudicated on the merits.[2]  Under 28 U.S.C. § 2254(d), a federal court may only grant habeas relief on a claim adjudicated on the merits in state court if a petitioner shows that "the state court decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or 'was based on an unreasonable determination of [the] facts in light of the evidence presented in the State court proceeding.'"[3]

A state court decision is "contrary to" an established federal law if the state court "decides a case differently than [the Supreme Court has] on a set of materially indistinguishable facts" or "if the state court applies a rule different from the governing law" set forth in Supreme Court cases.[4]  A decision is an "unreasonable application" of clearly established federal law if a "state court correctly identifies the governing legal principle from [the Supreme Court's] decisions but unreasonably applies it to the facts of [a petitioner's] case."[5]  Additionally, "an unreasonable application may occur if [a] state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply."[6]  Courts employ an objective standard in determining what is unreasonable.[7]

A federal court must presume a state court's factual findings, including credibility findings, are correct, in the absence of clear and convincing evidence to the contrary.[8]  The law

---

[2] *Id.*

[3] *Williams v. Trammel*, 782 F.3d 1184, 1191 (10th Cir. 2015) (quoting 28 U.S.C. § 2254(d)(1)–(2)).

[4] *Bell v. Cone*, 535 U.S. 685, 694 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)).

[5] *Id.* (citing *Williams*, 529 U.S. at 407–08).

[6] *House v. Hatch*, 527 F.3d 1010, 1018 (10th Cir. 2008).

[7] *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 409–10).

[8] 28 U.S.C. § 2254(e)(1).

"stops just 'short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings.'"[9]  Courts may not issue a writ of habeas corpus if "'fairminded jurists could disagree' on the correctness of the state court's decision."[10]  Even when a petitioner has a strong case for relief, this "does not mean the state court's contrary conclusion was unreasonable."[11]

When deciding whether to grant an evidentiary hearing on a § 2254 petition, "a federal court must consider whether such a hearing could enable [a petitioner] to prove the petition's factual allegations, which, if true, would entitle the [petitioner] to federal habeas relief."[12] "Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate."[13]  "If the record refutes the [petitioner's] factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."[14]  If a habeas petitioner has failed to develop the factual basis for his claim in state court, the district court is precluded from granting an evidentiary hearing unless the petitioner establishes that the claim relies on a new, retroactive rule of constitutional law or a factual predicate that could not have been discovered through due diligence.[15]

Because Petitioner proceeds *pro se*, the Court must construe his pleadings liberally and

---

[9] *Frost v. Pryor*, 749 F.3d 1212, 1223 (10th Cir. 2014) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)).

[10] *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

[11] *Id.* at 102.

[12] *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

[13] *Id.*

[14] *Id.*

[15] 28 U.S.C. § 2254(e)(2); *Littlejohn v. Trammell*, 704 F.3d 817, 857 (10th Cir. 2013).

apply a less stringent standard than what is applicable to attorneys.[16]  However, the Court may

not provide "additional factual allegations to round out a [petitioner's] complaint or construct a

legal theory on a [petitioner's] behalf."[17]  The Court need only accept as true Petitioner's "well-

pleaded factual contentions, not his conclusory allegations."[18]

## II.  Factual and Procedural Background

Absent clear and convincing evidence to the contrary, a federal habeas court must

presume that the state court's factual findings are correct.[19]  The facts underlying Petitioner's

convictions for aggravated kidnapping, rape, and criminal threat, as determined by the Kansas

Court of Appeals ("KCOA") on Petitioner's direct appeal, are as follows:

> Clary lived with his girlfriend, E.H., at an apartment
> complex in Pittsburg, Kansas.  On June 2, 2009, at approximately
> 6 a.m., E.H. awoke to discover that Clary was on top of her and
> had a box cutter pressed against her face.  At trial, she testified that
> Clary told her that he was "going to cut her fucking eyes out."
>
> An altercation between E.H. and Clary ensued that lasted
> for several hours.  E.H. testified that Clary called her several
> profane names, punched her, and slapped her.  At trial, E.H.'s
> neighbor stated she could hear screams and yells from E.H.'s
> apartment.  E.H.'s neighbor also testified that she heard Clary tell
> E.H. that he was "going to kill her."  During the altercation, E.H.
> tried to defend herself and attempted to escape from the bedroom
> but was unable to do so.
>
> Sometime during the altercation, Clary left the bedroom.
> E.H. testified Clary told her not to leave.  She testified she did not
> leave the bedroom because she was afraid and did not know where
> Clary was.  After approximately 30 minutes, Clary returned to the
> bedroom with a knife and a phone.  Clary ordered her to take off
> her clothes.  He then ordered her to get on the bed.  E.H. testified
> that Clary climbed on top of her, placed the knife against her skin,

---

[16] *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[17] *Whitney*, 113 F.3d at 1774.

[18] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[19] 28 U.S.C. § 2254(e)(1); *Saiz v. Ortiz*, 392 F.3d 1166, 1175 (10th Cir. 2004).

and inserted his penis into her vagina.  E.H. testified she told Clary to stop on several occasions and that he was hurting her.  After the intercourse, the fighting between E.H. and Clary continued.

At approximately 11:56 a.m., E.H.'s mother, who also resided at the apartment complex, knocked on E.H.'s door.  Clary answered the door.  While Clary spoke to E.H.'s mother at the entrance to the apartment, E.H. escaped the apartment by walking beneath Clary's arms and going out the front door.  E.H. went to her mother's apartment and locked herself in the bathroom.

Later that day, E.H. went to the hospital where the hospital staff conducted a rape examination.  While at the hospital, E.H. also spoke with two law enforcement officers and told them what had happened.

On June 3, 2009, the State charged Clary with aggravated kidnapping, rape, aggravated assault, and criminal threat.  Clary's case proceeded to a trial by jury.  The jury found Clary guilty of aggravated kidnapping, rape, and criminal threat.[20]

On direct appeal, the KCOA affirmed Petitioner's conviction, and the Kansas Supreme Court denied review.[21]

On November 13, 2013, Petitioner filed a *pro se* motion and amended motion for post-conviction relief pursuant to K.S.A. § 60-1507 in Crawford County District Court, asserting ineffective assistance of counsel claims.[22]

Clary claimed his trial counsel was ineffective for (1) failing to strike a partially deaf juror from the impaneled jury, (2) failing to subpoena numerous witnesses to trial, (3) failing to subpoena and secure text messages that would have proven Clary was innocent, and (4) failing to disclose and point out to the jury that the State could not produce blood or DNA evidence on the alleged weapon used by Clary.  Clary also claimed appellate counsel was ineffective for failing to raise the issue on appeal that the trial court was slow in reappointing Clary adequate counsel.[23]

---

[20] *State v. Clary*, 270 P.3d 1206, 1209 (Kan. Ct. App. 2012), *rev. denied*, Feb. 19, 2013.

[21] *Id.* at 1209, 1215.

[22] *Clary v. State*, No. 116658, 2017 WL 5184347, at *1 (Kan. Ct. App. Nov. 9, 2017).

[23] *Id.*

The district court appointed counsel on March 10, 2014, and held an evidentiary hearing on the petition on April 21, 2015.  Petitioner, his trial counsel, and his appellate counsel testified at the hearing.  The court found counsel's performance did not amount to ineffective assistance of counsel and dismissed the motion.[24]

Petitioner appealed the district court's dismissal of his § 60-1507 petition to the KCOA, raising only the first three ineffective assistance of counsel claims from his § 60-1507 motion.[25] On November 9, 2017, the KCOA affirmed the district court on the merits of all three claims.[26] Petitioner did not seek review by the Kansas Supreme Court.

## III.    Discussion

In his Amended Petition, Petitioner claims his trial counsel was constitutionally ineffective for: (1) failing to point out to the jury the lack of blood or DNA evidence on the weapon allegedly used by Petitioner; (2) failing to strike a partially deaf juror; and (3) failing to subpoena and secure text messages that would have proven Petitioner's innocence.  Additionally, Petitioner asserts the same issues he raised on direct appeal: (1) the State presented insufficient evidence on the aggravated kidnapping charge; (2) the district court erred by denying his motion for mistrial; and (3) the district court erroneously denied his request for jury instructions on lesser included offenses to aggravated kidnapping.  Finally, Petitioner asserts actual innocence. The Court first addresses whether Petitioner is entitled to an evidentiary hearing.  Next, the Court addresses whether the ineffective assistance claims are procedurally barred.[27]  Lastly, the Court

---

[24] *Id.*

[25] *Id.*

[26] *Id.* at *6.

[27] Respondents do not challenge the other claims on the basis of exhaustion and procedural default.

considers the merits of any preserved claims.

### A.     Request for Evidentiary Hearing

In his Traverse, Petitioner requests an evidentiary hearing "to show cause as to why I am innocent and need this courts [sic] help to protect my constitutional rights."[28]  Federal habeas review, however, is "limited to the record that was before the state court that adjudicated the claim on the merits."[29]  Indeed, § 2254(d)(2) bases relief on review of "the facts in light of the evidence presented in the State court proceeding."[30]  And under § 2254(e)(2), a federal habeas court "shall not hold an evidentiary hearing on" a claim unless:

> (A) the claim relies on—
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Petitioner invokes no new rule of constitutional law, nor does he provide a factual predicate that "could not have been previously discovered through the exercise of due diligence."[31]  In fact, all of the issues raised in his federal Petition other than actual innocence were addressed by the Kansas Court of Appeals in either his direct appeal or § 60-1507 petition. And, as described below, Petitioner submits no showing of actual innocence sufficient to excuse

---

[28] Doc. 18 at 5.

[29] *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011).

[30] 28 U.S.C. § 2254(d)(2).

[31] *Id.* § 2254(e)(2)(A)(ii).

his procedural default, nor is a stand-alone claim for actual innocence cognizable here.  The record precludes habeas relief and Petitioner's request for an evidentiary hearing is thus denied.

### B.        Exhaustion and Procedural Bar for Ineffective Assistance Claims

A federal court may not grant a writ of habeas corpus unless, pursuant to 28 U.S.C. § 2254(b)(1), the petitioner has exhausted all available state court remedies.[32]  Under the exhaustion doctrine, a petitioner "must give state courts 'one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'"[33]  Therefore, "any claims not included in a petition for discretionary review are unexhausted."[34]

Ordinarily, when a petitioner does not bring claims to the state's highest court, a claim is unexhausted.[35]  However, if a petitioner's claims are procedurally barred under state law and it is too late to pursue relief in state court, a claim will be deemed exhausted because there are no state remedies available to the petitioner.[36]  Nonetheless, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default."[37]  "Cause" requires that the petitioner show that some objective external factor impeded efforts to comply with state procedural rules.[38]  "Prejudice" requires the petitioner to demonstrate "actual prejudice as a

---

[32] *Frost v. Pryor*, 749 F.3d 1212, 1231 (10th Cir. 2014).

[33] *Id.* (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

[34] *Id.*

[35] *Coleman v. Thompson*, 501 U.S. 722, 732 (1991).

[36] *Verlarde v. Archuleta*, 640 F. App'x 740, 744 (10th Cir. 2016) (citing *Gray v. Netherland*, 518 U.S. 152, 161 (1996) and *Coleman*, 501 U.S. at 732).

[37] *Gray*, 518 U.S. at 162.

[38] *Spears v. Mullin*, 343 F.3d 1215, 1255 (10th Cir. 2003) (citing *Coleman*, 501 U.S. at 750).

result of the alleged violation of federal law."[39]

Alternatively, the procedural bar may be excused if Petitioner can demonstrate that the failure to consider the procedurally defaulted claim will "result in a fundamental miscarriage of justice because the petitioner has made a 'credible' showing of actual innocence."[40] "Prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'"[41]  This exception to the procedural default rule is "markedly narrow," only applying "in extraordinary cases where a constitutional violation has probably resulted in the conviction of one who is actually innocent."[42]

### 1.    Ineffective Assistance Claim for Failure to Argue Lack of Scientific Evidence at Trial

Before the state district court, Petitioner argued that his trial counsel was ineffective for four reasons, including "failing to disclose and point out to the jury that the State could not produce blood or DNA evidence on the alleged weapon used" in the crime.[43]  But on appeal to the KCOA, Petitioner dropped his claim regarding blood or DNA evidence and only raised his three other ineffective assistance of trial counsel claims.[44]  Petitioner's claim is thus procedurally barred.[45]  Under Kansas law, "[i]t is well settled that an issue neither briefed nor argued on

---

[39] *Fairchild v. Trammel*, 784 F.3d 702, 719 (10th Cir. 2015) (quoting *Coleman*, 501 U.S. at 750).

[40] *Id.*

[41] *House v. Bell*, 547 U.S. 518, 536–37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

[42] *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007).

[43] *Clary v. State*, No. 116658, 2017 WL 5184347, at *1 (Kan. Ct. App. Nov. 9, 2017).

[44] *Id.*

[45] *Frost v. Pryor*, 749 F.3d 1212, 1231 (10th Cir. 2014) ("'Anticipatory procedural bar' occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." (quoting *Moore v. Schoeman*, 288 F.3d 1231, 1233 n.3 (10th Cir. 2002))).

appeal is deemed to have been abandoned."[46]   Additionally, Kansas district courts are "not required to entertain a second or successive 60-1507 motion for similar relief on behalf of the same prisoner."[47]   Accordingly, Petitioner's ineffective assistance of counsel claim regarding blood and DNA evidence will be "considered exhausted and procedurally defaulted for purposes of habeas relief."[48]   The Court must therefore consider whether Petitioner has established cause and prejudice to excuse his procedural default or whether failing to consider the procedurally defaulted claim will result in a fundamental miscarriage of justice.

Petitioner has not put forth any explanation for abandoning his claim regarding blood or DNA evidence or presented any external factor that prevented him from including this claim in his § 60-1507 appeal to the KCOA.   Thus, Petitioner has not shown cause for his procedural default in state court, and a prejudice analysis is unnecessary.

Petitioner asserts that he is "innocent of these alleged charges,"[49] and that he has "claimed my innocence since day one, 12 yrs. [sic] ago and still to this day claim my innocence. This is why I beg the court to please hear my plea for manifest of injustice."[50]   Reading these claims liberally, the Court interprets them as an assertion that a failure to consider the procedurally defaulted claim will result in a fundamental miscarriage of justice because of a credible showing of actual innocence.

As a minimum threshold for a credible showing of actual innocence, a "petitioner must

---

[46] *State v. Reu-El*, 394 P.3d 884, 892 (Kan. 2017) (quoting *State v. Edwards*, 917 P.2d 1322, 1324 (Kan. 2016)).

[47] *State v. Kelly*, 248 P.3d 1282, 1285 (Kan. 2011); *see also* Kan. Sup. Ct. R. 183(d) ("A sentencing court may not consider a second or successive motion for relief by the same movant when the ground for relief was determined adversely to the movant on a prior motion; the prior determination was on the merits; and justice would not be served by reaching the merits of the subsequent motion.").

[48] *Cannon v. Gibson*, 259 F.3d 1253, 1265 (10th Cir. 2001).

[49] Doc. 4 at 15.

[50] Doc. 18 at 5.

'support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'"[51]  Petitioner has not presented any new reliable evidence of his innocence, and his bare assertions of innocence are insufficient to make a credible showing of actual innocence.  Therefore, Petitioner's claim that his trial counsel was ineffective for failing to point out to the jury the lack of blood or DNA evidence on the weapon used by Petitioner is procedurally defaulted and it is therefore dismissed with prejudice.[52]

### 2.   Ineffective Assistance Claims for Failing to Strike Juror and Subpoena Text Messages

Petitioner claims that his trial counsel was ineffective for failing to "strike a partial [sic] deaf juror from the impaneled Jury [sic] that admittedly stated he had trouble hearing," and for failing to "subpoena and secure text messages that would have been used to prove petitioners [sic] innocence."[53]  Petitioner raised these issues in his amended § 60-1507 motion and appealed them to the KCOA, which affirmed the district court's decision dismissing the petition.[54] Petitioner did not seek review by the Kansas Supreme Court.

Generally, a party aggrieved by a KCOA decision has thirty days to file a petition for review by the Kansas Supreme Court.[55]  According to Kansas Supreme Court Rule 8.03(b)(1), this "30-day period for filing a petition for review is jurisdictional and cannot be extended."[56]

---

[51] *Cummings v. Simons*, 506 F.3d 1211, 1223 (10th Cir. 2007) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).

[52] *Smallwood v. Gibson*, 191 F.3d 1257, 126 (10th Cir. 1999) ("[D]ismissal without prejudice for failure to exhaust state remedies is not appropriate if the state court would now find the claims procedurally barred on independent and adequate state procedural grounds.") (first citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); then citing *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997))).

[53] Doc. 4 at 6.

[54] *Clary v. State*, No. 116658, 2017 WL 5184347, at *1 (Kan. Ct. App. Nov. 9, 2017).

[55] K.S.A. § 20-3018(b); Kan. Sup. Ct. R. 8.03(b)(1)

[56] Kan. Sup. Ct. R. 8.03(b)(1).

The Kansas Supreme Court adopted a new rule on July 1, 2018, that a party is "not required to petition for Supreme Court review under Rule 8.03" in order "to exhaust all available state remedies respecting a claim of error."[57]   However, the KCOA decision in Petitioner's case was filed on November 9, 2017, well before this new rule was passed.   Therefore, the law at the time of Petitioner's appeal required a motion for review before the Kansas Supreme Court within 30 days.   Well over thirty days has passed since the KCOA denied Petitioner's § 60-1507 appeal on November 9, 2017,[58] therefore, these two claims are procedurally defaulted under state law.

Petitioner asserts that after his appointed appellate counsel filed his § 60-1507 appeal, he "never heard anything from him or the appellate courts ever again."[59]   Petitioner further states that he "never recieved [sic] the decision on [his] case from appeals to be able to appeal to the Supreme Court" and, therefore, "couldn't exhaust all [his] remedies in the lower courts."[60]   Petitioner's original § 2254 Petition states that he "wrote [his] Habeaus Corpus lawyer and he won't answer [him] back."[61]   Petitioner cannot rely on counsel's failure to file a motion for review as cause for his procedural default.   An ineffective-assistance claim asserted as cause for default must itself be exhausted in state court.[62]   Petitioner did not file a motion for review out of time, nor otherwise present a claim in state court that his appointed counsel in the habeas proceeding was ineffective for failing to consult with him about appealing the 2017 KCOA

---

[57] Kan. Sup. Ct. R. 8.03B.

[58] *Clary v. State*, No. 116658, 2017 WL 5184347, at *1 (Kan. Ct. App. Nov. 9, 2017).

[59] Doc. 18 at 4.

[60] *Id.* at 4, 5.

[61] Doc. 1 at 7.

[62] *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

decision.[63]

However, Petitioner may be entitled under state law to seek review out of time, in which case these claims would not be procedurally defaulted.  The Kansas Supreme Court has recognized an exception to the 30-day time limit on motions to review when appointed counsel fails to consult with the client about seeking review by the Kansas Supreme Court.[64]  In *Brown v. State*, the Kansas Supreme Court held that a defendant was entitled to file an appeal out of time because his appointed appellate counsel failed to inform him that the district court denied his § 60-1507 motion and that he had a statutory right to appeal.[65]  The Kansas Supreme Court has subsequently "extended the *Brown* rationale by applying it to other statutory procedures, specifically, to the petition for review process."[66]

> [I]f it is alleged that appointed counsel's deficiencies resulted in the loss of the ability to pursue a procedure . . . such as where appointed counsel has not consulted with the movant or the movant's directions are unclear, the movant must demonstrate a reasonable probability that, but for appointed counsel's deficient failure to either consult with the movant or act on the movant's wishes, an appeal would have been filed. The movant need not show that a different result would have been achieved but for appointed counsel's performance.[67]

Thus, assuming Petitioner seeks Kansas Supreme Court review out of time, can establish that his appointed appellate counsel failed to consult with Petitioner about the KCOA decision, and can establish that there is a reasonable probability that, but for counsel's failure, a petition for review

---

[63] *See Smith v. Allbaugh*, 921 F.3d 1261, 1268 (10th Cir. 2019) (finding petitioner presented his claim that his counsel was ineffective for failing to consult with him about an appeal, and thus, considering whether cause and prejudice were met on such grounds).

[64] Kan. Sup. Ct. R. 8.03(b)(1).

[65] 101 P.3d 1201, 1202–03 (Kan. 2004).

[66] *Albright v. State*, 251 P.3d 52, 62 (Kan. 2011) (citing *Kargus v. State*, 169 P.3d 307 (Kan. 2007); *Swenson v. State*, 169 P.3d 298 (Kan. 2007)).

[67] *Id.* at 64.

would have been filed, Petitioner's claims would not be procedurally barred in state court.[68]

Assuming Plaintiff can avoid procedural default on the basis of appointed counsel's conduct, the Amended Petition contains both exhausted and unexhausted claims, and would be considered a "mixed petition."[69]  A district court presented with a mixed petition can do one of four things: (1) allow the petitioner to amend the petition, remove the unexhausted claims, and proceed with the exhausted claims; (2) ignore the exhaustion requirement and deny the petition on the merits if all of the petitioner's claims lack merit; (3) "stay the petition and hold it in abeyance" so the petitioner can return to state court and exhaust the unexhausted claims; or (4) "dismiss the mixed petition in its entirety."[70]

Here, if Petitioner could establish that his ineffective assistance claims are not procedurally barred in state court, the Court would ignore the exhaustion requirement and dismiss them on the merits.  Under § 2254(b)(2), courts can deny an application for a writ of habeas corpus on the merits, regardless of a failure to exhaust state remedies.[71]  If it is clear that a "petition has no merit, a belated application of the exhaustion rule might simply require useless litigation in the state courts."[72]  The KCOA extensively considered both unexhausted claims on appeal.  Had that appeal been decided one year later, it would be the operative decision for review because a petition to review in the Kansas Supreme Court would no longer be necessary.  Likewise, the Kansas Supreme Court summarily denied review on Plaintiff's direct appeal; it is

---

[68] 28 U.S.C. § 2254(b)(1).

[69] *Rhines v. Weber*, 544 U.S. 269, 271 (2005).

[70] *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (quoting *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009) (first citing *Rhines*, 544 U.S. at 274–78; then citing 28 U.S.C. § 2254(b)(2))).

[71] 28 U.S.C. § 2254(b)(2)

[72] *Hoxsie v. Kerby*, 108 F.3d 1239, 1243 (10th Cir. 1997) (quoting *Granberry v. Greer*, 481 U.S. 129, 133 (1987))

not unlikely that it would have summarily denied review of his collateral attack.  For the reasons explained below, it is clear that Petitioner's ineffective assistance claims have no merit.  Thus, even if Petitioner could establish that those claims are unexhausted but not procedurally barred, the Court would consider them on the merits and deny relief rather than require Petitioner to pursue useless litigation in state court.[73]

### C.    Merits Analysis

#### 1.    Ineffective Assistance Claims

The Court reviews Petitioner's ineffective assistance of counsel claims under the familiar test set forth in *Strickland v. Washington*, which requires Petitioner to show that (1) his counsel's performance fell below an objective standard of reasonableness; and (2) counsel's performance prejudiced his defense.[74]  The Court's review under the first prong of this test is "highly deferential: 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'"[75]  To be deficient, counsel's performance "must have been completely unreasonable, not merely wrong."[76] "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."[77]  Under the prejudice prong, Petitioner must demonstrate "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[78]

When reviewing an ineffective assistance claim under § 2254(d), the Court applies a

---

[73] *See id.* at 1242–43 (applying 28 U.S.C. § 2254(b)(2) and *Granberry v. Greer*, 481 U.S. 129, 134 (1987)).

[74] 466 U.S. 668, 687–88 (1984).

[75] *Hooks v. Workman*, 606 F.3d 715, 723 (10th Cir. 2010) (quoting *Strickland*, 466 U.S. at 690).

[76] *Id.* (quoting *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999)).

[77] *Knowles v. Mirzayance*, 556 U.S. 111, 124 (2009) (quoting *Strickland*, 466 U.S. at 690).

[78] *Id.* (quoting *Strickland*, 466 U.S. at 694).

"doubly deferential" standard: it must determine whether the relevant state court decision was unreasonable in concluding that counsel's performance did not meet the deferential *Strickland* test.[79]  "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is *any* reasonable argument that counsel satisfied *Strickland*'s deferential standard."[80]  For purposes of review under § 2254, the relevant state court decision as to Petitioner's ineffective assistance claims is the KCOA decision denying state habeas relief under § 60-1507.

First, Petitioner asserts that he can establish ineffective assistance of counsel based on his trial counsel failing to strike a hearing-impaired juror.  As the KCOA explained, at his § 60-1507 trial court hearing:

> Clary testified that during jury selection a juror told the judge he was deaf in his right ear. . . . Clary testified that, during the trial, the juror did not give any indication that he could not hear the testimony.  The juror never stopped the trial and told the judge he needed assistance in hearing.  But Clary testified that at one point the juror looked "disinterested, like he just gave up trying to listen at all." . . . Clary testified he never discussed the issue with his trial attorney.  Clary admitted that he was only speculating that the juror could not hear the testimony.
>
> [Clary's trial attorney, Geoff Clark] testified that he could not remember whether he tried to dismiss the juror for cause. From what Clark remembered, the judge was not going to dismiss the juror for cause, and Clark thought the juror was "the better of the other ones."[81]

The KCOA applied *Strickland* and found that Petitioner had "not met his burden to show either that his trial attorney's performance was deficient or that the juror's presence on the jury

---

[79] *Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (citing *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)).

[80] *Grant v. Royal*, 886 F.3d 874, 903–04 (10th Cir. 2018) (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)).

[81] *Clary v. State*, No. 116658, 2017 WL 5184347, at *1 (Kan. Ct. App. Nov. 9, 2017).

prejudiced the outcome."[82]  The court explained that "[m]ere speculation that the juror had a difficult time hearing at trial is not sufficient to show ineffective assistance of counsel."[83]

Petitioner also asserts that his trial counsel was ineffective for failing to subpoena text messages that would have proven his innocence.  In state court, Petitioner argued that "the text messages showed that the alleged victim fabricated her story to frame him."[84]  As the KCOA explained, at his § 60-1507 trial court hearing:

> Clary admitted that Clark cross-examined E.H. [during the trial] regarding the text messages and pointed out numerous inconsistencies in E.H.'s testimony.
>
> Clark testified that it was his understanding that phone companies do not store text messages longer than four days.  His knowledge was a result of his membership to the national and Kansas associations of criminal defense lawyers and being on their listserv. Clark did not subpoena the phone provider.  Clark also did not subpoena E.H's cell phone to get the text messages because he believed she would have deleted them if they helped the defense. Clark did issue business records subpoenas to T-Mobile and AT&T.  He could not remember but thought the subpoenas were for E.H.'s and her mom's phone records. He recalled using the records at trial.[85]

Applying *Strickland* to these facts, the KCOA held that Petitioner had not shown that his trial counsel's performance was deficient because his counsel investigated the possibility of getting the text messages from the phone provider and cross-examined the victim about the text messages.[86]  Additionally, the KCOA found that Petitioner had not established prejudice, explaining:

---

[82] *Id.* at *3.

[83] *Id.*

[84] *Id.* at *5.

[85] *Id.* at *6.

[86] *Id.*

> The facts laid out in Clary's direct appeal paint an overwhelming picture of Clary's guilt. E.H.'s testimony at trial was corroborated by her neighbor who testified that she could hear screams from E.H.'s apartment and heard Clary tell E.H. that he was "going to kill her."  Given the facts as we understand them, we cannot say that admission of the text messages would have affected the outcome of Clary's trial.[87]

Given the doubly deferential standard that applies, the Court finds that the KCOA's decision was not contrary to *Strickland*.  Petitioner has not provided any new evidence or made factual allegations that would allow the Court to find that his trial counsel's performance was deficient or that Petitioner was prejudiced.  Additionally, none of Petitioner's conclusory assertions indicate that the KCOA's decision was contrary to, or involved an unreasonable application of, clearly established federal law or was based on an unreasonable determination of the facts.  Therefore, to the extent these claims are unexhausted but not procedurally barred, they are plainly meritless and shall be dismissed with prejudice on this basis.

### 2.    Claims Raised on Direct Appeal

Plaintiff attaches to his Amended Petition the following recitation of claims taken almost verbatim from the issues he presented on direct appeal:

> 1.  While the state charged alternative means by which Mr. Clary committed the crime of aggravated kidnapping, it presented insufficient evidence of one of those means, a violation of Mr. Clary's right to a unamimous [sic] jury verdict.

> 2.  The district court erred by denying Mr. Clary's request for a mistrial after the state elicited irrelevant and prejudicial testimony for which the bell could not be unrung.

> 3.  The district court erred in denying Mr. Clary's request for jury instructions on the lesser included offenses of kidnapping and criminal restraint.[88]

---

[87] *Id.* (quoting *State v. Clary*, 270 P.3d 1206, 1209 (Kan. Ct. App. 2012).).

[88] Doc. 4 at 15.

The KCOA extensively considered and rejected all three of these arguments on direct appeal, and Petitioner fails to explain how these rulings are contrary to or an unreasonable application of federal law.  In fact, other than the above-quoted recitation, Petitioner provides no argument or discussion at all about these claims.

The KCOA found that the aggravated kidnapping jury instruction did not provide an alternative means that required jury unanimity, and that the jury was not confused by language that it found to be surplusage.[89]  It determined that Petitioner's conviction "was supported by sufficient substantial competent evidence."[90]  The Court has reviewed the KCOA's extensive discussion of this issue and finds it is not contrary to or an unreasonable application of federal law.

The KCOA also found no legal error in the trial judge's decision to deny Petitioner's motion for mistrial based on previously undisclosed testimony elicited from the victim's mother that she convinced the victim to go to the hospital by telling her "if you don't do it, he can do it to somebody else, and it could be even worse."[91]  The court considered Petitioner's rights to a fair trial and presumption of innocence under federal constitutional standards and determined that the trial judge did not abuse his discretion by ruling that this testimony did not render Petitioner's trial unfair, and further found that any error was harmless.  The judge sustained Petitioner's objection to the testimony at trial and gave a limiting instruction.  Further, the court found that the State met its burden of proving beyond a reasonable doubt that the testimony did not affect the outcome at trial.  The Court finds that the KCOA's ruling is not contrary to or an unreasonable application of federal law.

---

[89] 270 P.3d at 1210–11.

[90] *Id.* at 1211.

[91] *Id.* at 1212.

Finally, Petitioner challenges the denial of his request for lesser included offense instructions on kidnapping and criminal restraint.  The KCOA determined that the trial evidence did not support giving these lesser included offense instructions because Petitioner did not present an alternative theory on the aggravated kidnapping charge—his defense was that he did not commit the crimes and that the victim's injuries could have been otherwise caused.  Given this evidence and defense, the KCOA determined that lesser included offense instructions were properly denied.  The jury was either to believe Petitioner committed aggravated kidnapping, for which there was "overwhelming evidence" of bodily harm, or that he did not.  The Court finds that the KCOA's ruling is not contrary to or an unreasonable application of federal law.

### 3.      Actual Innocence

Petitioner asserts several times in his Amended § 2254 Petition and Traverse that he is innocent.[92]  While most relevant to the procedural default analysis, the Court also liberally construes these assertions as a freestanding claim of actual innocence.  "An assertion of actual innocence, although operating as a potential pathway for reaching otherwise defaulted constitutional claims, does not, standing alone, support the granting of the writ of habeas corpus."[93]  Even if a freestanding innocence claim were permitted, the Supreme Court has "described the threshold for any hypothetical freestanding innocence claim as 'extraordinarily high.'"[94]  This threshold requires more convincing proof of innocence than the threshold for excusing a procedural default discussed above,[95] which itself requires Petitioner to "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory

---

[92] Doc. 4 at 15; Doc. 18 at 5.

[93] *Vreeland v. Zupan*, 906 F.3d 866, 883 n.6 (10th Cir. 2018) (quoting *LaFevers v. Gibson*, 238 F.3d 1263, 1265 n.4 (10th Cir. 2001)); *see also Sellers v. Ward*, 135 F.3d 1333, 1338–39 (10th Cir. 1998).

[94] *House v. Bell*, 547 U.S. 518, 555 (2006) (quoting *Herrera v. Collins*, 506 U.S. 390, 417 (1993)).

[95] *Id.*

scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."[96]

Petitioner is not entitled to habeas relief based on a freestanding actual innocence claim. Even if this relief were available, Petitioner has not presented any new reliable evidence and his bare assertions of innocence are insufficient.

### D.    Motion for Appointment of Counsel

On February 28, 2020, this Court denied Petitioner's motion to appoint counsel because he has no constitutional right to counsel in this federal habeas proceeding, the Court had not determined that an evidentiary hearing was warranted at that time, and the factors relevant to determining whether the interests of justice require appointment of counsel did not support granting the motion.[97]  The Court denied the motion without prejudice to refiling if the Court later determined that an evidentiary hearing was required.  Petitioner again requests appointment of counsel in his Traverse.  As discussed above, the Court denies Petitioner's request for an evidentiary hearing.  Thus, for substantially the same reasons previously discussed by the Court, his request is denied.

## III.    Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases requires the federal district court reviewing a habeas petition to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Under U.S.C. § 2253(c)(2), the court may issue a certificate of appealability "only if the applicant makes a substantial showing of the denial of a constitutional right."  A petitioner must demonstrate either that "reasonable jurists would find the district

---

[96] *Cummings v. Simons*, 506 F.3d 1211, 1223 (10th Cir. 2007) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).

[97] Doc. 17.

court's assessment of the constitutional claims debatable or wrong" or that issues in the petition are "adequate to deserve encouragement to proceed further."[98]  Moreover, a movant does not need to demonstrate his appeal will succeed to be entitled to a Certificate of Appealability, but must "prove something more than the absence of frivolity or the existence of mere good faith."[99]

For the same reasons explained above, the Court denies a certificate of appealability on the issues raised in Petitioner's habeas petition.  His first ineffective assistance of counsel claim is procedurally defaulted.  His second and third ineffective assistance of counsel claims are either procedurally defaulted or plainly meritless.  The claims from his direct appeal are unargued and meritless.  Finally, Petitioner is not entitled to habeas relief based on a freestanding actual innocence claim, and even if he were, he has not presented any new credible evidence of his innocence.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Joshua Clary's Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 4) is **dismissed in its entirety with prejudice** without need for an evidentiary hearing.

**IT IS FURTHER ORDERED** that Respondents' request to remove Cline's name as Respondent is **moot**; due to transfers since the time of Respondents' Answer and Return, Cline is once again Petitioner's current custodian.

**IT IS FURTHER ORDERED** that Petitioner's renewed request for appointment of counsel is **denied**.

**IT IS SO ORDERED.**

---

[98] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

[99] *United States v. Williams*, 410 F. App'x 97, 99 (10th Cir. 2010) (citation omitted).

Dated: July 7, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE